**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Patricia Charneco<br><br>Plaintiff<br><br>v.<br><br>Airbnb, Inc.; Stephan Watts d/b/a Dreamers Welcome; Tropicalia Corp.; X COMPANY; A Insurance Company; B Insurance Company<br><br>Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Patrica Charneco, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

**I. THE PARTIES**

1. Plaintiff, **Patricia Charneco** ("Ms. Charneco") is of legal age, single and domiciled in the State of New Jersey.
2. Co-defendant, **AIRBNB, INC.** (hereinafter "AIRBNB") is a Delaware Corporation with principal place of business in San Francisco, California, managing and operating an online marketplace for short-term homestays and tour experiences.

3. Airbnb serves clients like Plaintiff, Ms. Charneco, throughout the United States, including the Commonwealth of Puerto Rico.

4. **Tropicalia Corp.**, is a Puerto Rico corporation with principal office located in Puerto Rico, that is the registered owner of a Luquillo real property used for short term stay and/or for business purposes by one or more of the defendants as part of a for-profit short-term vacation rental business under the Airbnb platform. Said property was rented for the use of plaintiff and other guests from February 22, 2025 to February 26, 2025.

5. Using the services of Airbnb, Ms. Charneco was part of a group that stayed at defendants' Luquillo property, under Airbnb confirmation code HMPEKAF4KM. The property was rented by Ms. Sasha Sanchez for the use of a group of people. Ms. Charneco was part of said group.

6. The Airbnb host for the stay of the group in which Ms. Charneco was a participant, was **Mr. Stephan Watts**.

7. By information and/or belief, Mr. Stephan Watts is of legal age, single, businessman and domiciled in San Juan, Puerto Rico. He also conducts business in the Airbnb platform under the business name **Dreamers Welcome**.

8. By information and belief, the Airbnb property that served as the place of abode for Ms. Charneco and her friends, is located at 25 Calle Luquillo Beach Blvd, Luquillo, Puerto Rico.

9. X Company is the fictitious name used to denominate another company that also operates, and manages together with the rest of the defendants the Airbnb property where the accident occurred and is also responsible to the plaintiff for the accident and damages suffered as described in this complaint.

10. A and B insurance companies, are the fictitious names used to denominate the currently unknown insurance companies that at the time of the accident described in this complaint had issued and had in full force and effect, as per the terms and conditions of the issued insurance policies, liability insurance policies to cover the legal liability of one or more of the above-named defendants. Once the identity of said insurance companies is made known, the complaint may be amended so as to include the proper insurance company defendants as additional defendants to this complaint, under Puerto Rico’s Direct-Action Statute.

## **II. JURISDICTION**

11. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to 28 U.S.C. section 1332 (a) (1) because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

12. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Carolina, Puerto Rico.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

13. The accident that gives origin to the present case occurred on February 23, 2025, at the Luquillo property rented through the Airbnb platform above described, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling of the present complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico of 2020.

## IV. THE FACTS AND THE DAMAGES

14. On the early evening of February 23, 2025, Ms. Charneco had arrived at the property with the other guests after a day of activities.

15. She proceeded to sit on an outside chair-hammock located in the property.

16. The chair hammock and a heavy metal chain was attached to the property ceiling and was hanging from a short and narrow concrete column in the exterior of the property.

17. Without warning a large piece of concrete where the hammock was attached to, gave way, falling and striking on the right side of the body of Ms. Charneco. Ms. Charneco and the hammock abruptly dropped to the floor, and she received additional injuries as a result.

18. As a result of the accident, Ms. Charneco suffered injuries to her neck, shoulder, back, arm and leg, mostly to the right side of her body. She also suffered a concussion when her head struck the concrete floor as a result of the abrupt fall.

19. Ms. Charneco was taken by her friends to a local hospital in Puerto Rico to seek emergency medical treatment.

20. Ms. Charneco was in pain, injured, and dazed as a result of the accident for many days. She was embarrassed and in shock as a result of the fall. Various parts of her body were in

pain as a result of being struck with the piece of cement and the fall. She had difficulty using her right arm and complained of constant, intense headaches and pain.

21. When she returned to her home, she continued seeking medical treatment since she continued suffering from headaches, back, neck and right arm and shoulder pain.

22. Ms. Charneco was eventually diagnosed as suffering a superior glenoid labrum lesion of the right shoulder; peripheral blunting of the posterior labrum and rotator cuff tendinosis of the distal and supraspinatus and infraspinatus as a result of the injuries at the property in Puerto Rico.

23. Ms. Charneco had to undergo an extensive physical therapy program for many months and use a brace. To this date she continues to be in pain and has a limitation of movement mostly in her right shoulder and arm.

24. As a result of the accident that she suffered, Ms. Charneco has permanent damages and impairments.

25. Since the accident, she is unable to perform a number of activities and pleasure of life to the same extent that she was able to perform prior to her accident. She no longer enjoys various activities and pleasures of life.

26. The value of all her damages related to her injury, to include past, present and future pain, embarrassment,

physical damages, ankle damages, nerve damage, large permanent scar and mental anguish is estimated in a sum in excess of **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00)**.

27. ECONOMIC DAMAGES. Ms. Charneco has incurred and will have to incur additional economic damages related to her accident. Her vacation and trip to Puerto Rico was ruined. She has and will have to incur in unwanted expenses, to include medical related expenses and medical liens, travel and other miscellaneous unwanted expenses related to this accident.

28. All of her economic damages are reasonably estimated in a sum in excess of **TWENTY THOUSAND DOLLARS ($20,000)**, a sum that is also owed to the Ms. Charneco by the Defendants.

29. Ms. Charneco would not have to incur in said additional economic expenses if the accident had not occurred due to the negligence of the Defendants.

## V. LIABILITY

30. The accident resulting in the serious, severe and permanent damages to Ms. Charneco, was caused by the exclusive fault and/or negligence of the Defendants.

31. The defendants had a duty towards Ms. Charneco to provide a safe place for her accommodation, that was free and clear of hazards. The Defendants failed in providing a property free and clear of hazards.

32. The defendants failed in properly maintaining and repairing the area where the hammock was installed. The defendants, before the occurrence of the accident had actual and/or constructive knowledge of the dangers present, since rust stains in the concrete were present around the place where the hammock was installed. The defendants opted to ignore the clear signs of rust and the dangers that said signs represented.

33. Clear signs of rust could be seen all around the hock area where the hammock was attached to the column. Signs of a water leak in the walls of the property close to the hammock could also be observed, a very clear indication that rust was corroding the metal rods inside the cement in the area where the hammock was installed. The defendants should have removed the hammock, maintained, repaired and corrected the area, yet they chose to ignore the rust issue and not to act.

34. The hammock should have been removed by the defendants at the very first sign of rust in the area where it was installed.

The water leak should have also been corrected and/or repaired. Yet the defendants failed to act, allowing a dangerous condition to remain until the piece of cement where the hammock was installed collapsed and injured Ms. Charneco as a result.

35. By failing to maintain, by failing to remove the hammock and by failing to repair and to act when the defendants had the actual and constructive knowledge of the dangerous condition, all defendants under the provisions of the Civil Code of Puerto Rico and in particular Article 1536 of the Civil Code of Puerto Rico are responsible for the accident and all damages suffered by Ms. Charneco.

36. The accident would not have happened if not for the joint fault and negligence of the Defendants.

37. Airbnb, Inc. is also responsible to Ms. Charneco under the economic benefit theory since Airbnb enjoyed a profit at the expense of the plaintiff.

38. At the very least, Airbnb, Inc. should have required that their contracting host properly maintain, repair and correct maintenance defects in the property that was to be used by a paying guest. Airbnb failed to act.

39. All insurance company defendants, as per the dispositions of the Insurance Code of Puerto Rico are also directly liable

to the plaintiff as per the terms of the insurance policies in effect at the time of the accident.

40. All of the defendants, as per the provisions of Article 1536 of the Civil Code of Puerto Rico of 2020, are jointly responsible to Ms. Charneco for the occurrence of the accident and the damages that she suffered.

41. Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for Plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 19th day of February, 2026.

**RIVERA-ASPINALL, GARRIGA & FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506